[No. 33252. Department Two. November 3, 1955.]

MICHIGAN CHEMICAL CORPORATION, *Appellant,* v. G. W. FRADY *et al., Respondents.*[1]

*Wright, Booth & Beresford* (*Paul M. Anderson,* of counsel), for appellant.

*Allen, DeGarmo & Leedy,* for respondents.

[1]Reported in 289 P. (2d) 363.

MALLERY, J.—The plaintiff manufactures chemicals. It entered into a written contract with the defendants, by the terms of which defendants became its agents for the sale of some of its products upon a commission basis, in a designated territory. The contract was orally extended for an indefinite period, and expanded to include additional kinds of stores to which defendants could make sales.

During the fall of 1951, the defendants obtained a considerable number of orders for plaintiff's products. Plaintiff accepted the orders and confirmed them in writing. As soon as the orders were confirmed, shipments were to be made direct to the purchasers from a warehouse in Seattle.

In February, 1952, the defendants bought a quantity of "#350 Pestmaster Bombs" from plaintiff at an agreed price of $18,522, subject to a two-per-cent discount if paid for by April 10, 1952. This purchase was outside the terms of the brokerage contract heretofore mentioned.

In March, 1952, plaintiff notified defendants that it would not fill any more orders on hand, even though they were confirmed in writing. It acted accordingly.

Under the contract, the commissions were not due until after the goods were shipped, but, after receiving the above notice, defendants billed plaintiff for the amount of the commissions on the confirmed but unfilled orders.

On April 10, 1952, defendants sent plaintiff a check for $13,550.14 as payment in full of the amount owing for the Pestmaster bombs. The defendants calculated the amount due plaintiff by deducting the two-per-cent discount, in the amount of $370.44, upon the whole purchase price, and crediting themselves with an additional sum of $4,601.42 for commissions earned on the confirmed orders.

Plaintiff refused to acknowledge as a set-off against the price of the Pestmaster bombs, the amount of these commissions. It thereupon brought this suit for $4,971.86, as the alleged balance of the purchase price. The trial court dismissed the action, and the plaintiff appeals.

The appellant contends it had the right, with or without cause, to refuse to ship orders which it had previously accepted, and that, under the terms of the contract, no commis-

sions were earned by the respondents until the goods were shipped. It bases its position upon the language of the contract, which reads:

"Your Firm's Brokerage commission will be paid only on orders *accepted and shipped* by Michigan Chemical Corporation during the Term of this Agreement, as set forth below. Orders are subject to *refusal or rejection* by Michigan Chemical Corporation in whole or in part *with or without cause*." (Italics ours.)

█ It must be conceded that respondents subjected themselves to the appellant's discretion as to acceptance of each order they submitted. The orders secured by respondents were thus no more than offers to make a contract of sale. If appellant, "with or without cause," refused or rejected the orders, no commissions were earned because there was no sale. However, appellant's right to act, "with or without cause," applied only to the acceptance or the rejection of the orders submitted. After *acceptance*, a valid contract of sale existed, and appellant had no right to act, "with or without cause," regarding the delivery of the goods. Respondents, by their contract, did not subject themselves to arbitrary breaches of consummated contracts of sale.

The brokers' commission herein was earned upon the consummation of valid contracts of sale. Respondents' rights cannot be defeated by permanent refusal to ship the goods. Notice of breach of the contracts of sale by appellant, made the earned commissions payable forthwith.

█ The respondents were entitled to their commissions and had the right to set them off against the purchase price of the Pestmaster bombs. The commissions and discount offsets were correctly computed. The balance owed the appellant was the amount of the $13,550.14 check given it.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.